UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRICK L. BEVERLY, | Case No. 1:25-cv-00404 |
| Plaintiff, | Hopkins, J.<br>Bowman, M.J. |
| v. | |
| CLINTON COUNTY CHILD SUPPORT ENFORCEMENT AGENCY (CSEA), | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff Derrick L. Beverly initiated this pro se lawsuit in the Clinton County Court of Common Pleas against the Clinton County Child Support Enforcement Agency ("CSEA"). Defendant Clinton County CSEA removed the case to this federal court.[1] Shortly thereafter, Plaintiff moved to remand the case to state court, asserting improper removal based in part on a lack of jurisdiction. (Doc. 3.) After Defendant filed a memorandum in opposition to Plaintiff's motion to remand, (Doc. 8), Plaintiff moved for leave to file an amended complaint. (Doc. 10.) For the reasons that follow, the undersigned now recommends that Plaintiff's motion to remand to state court be **GRANTED**, without ruling on his motion to amend his complaint.

---

[1] Plaintiff filed a very similar complaint in the Highland County Court of Common Pleas against the Highland County Child Support Enforcement Agency. Defendant Highland County, who is represented by the same counsel who represents Clinton County in the above-captioned case, removed Plaintiff's lawsuit to federal court. *See Beverly v. Highland County CSEA*, No. 1:25-cv-00402-SJD-SKB. For the reasons stated, the undersigned also has recommended remand to state court in that case.

I.     **Background**

Plaintiff's initial complaint makes clear that Plaintiff seeks reimbursement from Defendant Clinton County CSEA for Defendant's prior seizure of Plaintiff's assets relating to child support obligations. Plaintiff alleges that on February 10, 2006[2] "until Current defendant wrongfully seized or caused to be seized $ 26,000 and Counting to a sum over $ 98,000" from Plaintiff's "[b]ank accounts, wages, tax returns, etc." (Doc. 2, ¶ 5.) He generally alleges that in collecting the referenced payments, Defendant violated his federal due process rights under color of state law in violation of 42 U.S.C. § 1983. He provides no factual details other than alleging that he "was not provided with adequate notice, opportunity for a hearing, or a Lawful explanation for the seizure" – presumably referring to the same 2006 date. (*Id.*, ¶ 6.) Defendant's Answer to the complaint fills out some of the missing contours of Plaintiff's claim, relating it to the Defendant's determination of child support for a child that Plaintiff fathered. (Doc. 6, PageID 42.) Defendant states that Plaintiff was found to be in contempt of the order to pay child support by the Clinton County Court of Common Pleas, Juvenile Division, in January 2006. (Doc. 6, ¶ 1.) In addition to seeking relief for alleged federal due process violations under 42 U.S.C. § 1983, Plaintiff alleges conversion and "gross negligence or willful misconduct" under state law. (*Id.*, PageID 29.)

Defendant timely filed a Notice of Removal to this Court on grounds that Plaintiff asserts violations of his federal constitutional rights under 42 U.S.C. § 1983, which permits this Court to exercise federal question jurisdiction under 28 U.S.C. §1331. (*See* Doc. 1, citing to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.) At first, Plaintiff objected to

---

[2]Defendant has asserted multiple defense in its Answer, including but not limited to the statute of limitations in light of the date of the alleged violations of Plaintiff's due process rights.

removal and moved to remand. But after Defendant filed a memorandum in opposition to remand, Plaintiff moved to file an amended complaint in this Court in which he alleges that jurisdiction is proper in this federal Court after al. (Doc. 10-1, ¶¶ 2, 4.)

**II.    Analysis**

The fact that Plaintiff's tendered amended complaint newly asserts the existence of federal question jurisdiction suggests that he no longer objects to removal or seeks remand to state court. But Plaintiff has not withdrawn his motion to remand. And his change of heart about proceeding in federal court does not settle the matter. Under 28 U.S.C. § 1441(a), Defendant's removal of this case was proper only if this Court could exercise original jurisdiction over the subject matter. The existence of federal jurisdiction depends on the facts as they exist when a complaint is filed, or – in this case – at the time of removal. *See generally* 28 U.S.C. § 1441(c)(1)(A) (permitting removal if a civil action "arises under the Constitution, laws, or treaties of the United States" within the meaning of § 1331). If this Court lacked jurisdiction at the time of removal, then it remains without power to proceed on any other pending motions, including Plaintiff's recent motion to amend his complaint.[3]

In his motion to remand, Plaintiff expressly challenges this Court's jurisdiction on multiple grounds, including the Defendant's sovereign immunity and/or Eleventh Amendment immunity, the domestic relations exception, and the *Younger* abstention

---

[3]The tendered amended complaint adds allegations relating to a 1997 psychological evaluation submitted to the Clark County Juvenile Court, (*see* Doc. 10-1, ¶ 9), but otherwise contains no dates. But Plaintiff confirms in his motion to amend that the amended complaint is intended to "clarify" his original factual allegations regarding the 2006 default judgment. Thus, Plaintiff alleges he fathered a child at age 16, and at age 18, "received a default judgment without a hearing." (*Id.*, ¶¶ 12-13.) He further alleges that Defendant has "seized over $ 98,000 from Plaintiff, suspended his license, incarcerated him, and blocked housing access." (*Id.*, ¶ 14.) As explained, this Court lacks jurisdiction to grant the motion to amend. But even if the amended complaint were to be considered, it would not alter the conclusion that remand is required.

doctrine. Plaintiff also appears to argue that he has failed to state any federal claim against Defendant because "Defendant cannot be sued for damages in this Court." (Doc. 3, ¶¶10-11, PageID 32.)

Defendant does not entirely disagree with Plaintiff's challenges to his own claims, but awkwardly suggests that the Court should deny the motion to remand and await consideration of Defendant's future motion for judgment on the pleadings before considering those challenges.[4] (*See* Doc. 8, PageID 90, asserting that "immunity will be one of the issues raised in Defendant's upcoming motion for judgment on the pleadings.") Alternatively, Defendant suggests that this Court could dismiss Plaintiff's case sua sponte on the basis of sovereign immunity. (*Id*.) But Defendant has two problems: (1) it has likely waived any possible defense of sovereign immunity; and (2) remand of a removed case is mandatory under 28 U.S.C. § 1447(c) when a court lacks jurisdiction over "even if it appears that remand would be futile." *Mallory v. Cnty. of Wayne*, No. 09-cv-14358, 2010 WL 2632196, at *5 (E.D. Mich. June 29, 2010) (quoting *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 496 (6th Cir.1999)).

**A. Sovereign Immunity is Arguably Waived**

The undersigned first considers sovereign immunity. Plaintiff asserts that Defendant is an "arm of the state" and therefore entitled to Eleventh Amendment immunity when performing child support enforcement functions. *See, generally, Gamble v. Ohio Dept. of Job and Family Services*, No. 1:03-cv-452, 2006 WL 38996, at *11 (S.D. Ohio Jan 5, 2006) (holding that county agency that collected child support payments and

---

[4]Plaintiff's motion to remand presents a number of arguments against the existence of federal jurisdiction more commonly presented by a defendant in a motion to dismiss a case that has been improperly filed in federal court.

transmitted them to the state was entitled to state sovereign immunity for plaintiff's claims of retrospective monetary relief).

There is considerable overlap between the Eleventh Amendment and sovereign immunity – so much so that "courts have often treated Eleventh Amendment immunity and sovereign immunity as interchangeable concepts." *WCI, Inc. v. Ohio Department of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021). Here, Plaintiff is a citizen of Ohio trying to sue what he alleges to be a state agency, so sovereign immunity is the operative doctrine. *Id.* at 514 ("Because the parties are not diverse, sovereign immunity applies, and the Eleventh Amendment, by its plain terms, does not.") The distinction is important because sovereign immunity is waivable. And on the record presented, Defendant appears to have waived any claim to sovereign immunity that it might otherwise have asserted by first removing this case to federal court, and then opposing Plaintiff's motion to remand. See *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002). Defendant did not explicitly invoke sovereign immunity in its answer to the complaint,[5] and admits in its opposition to remand that "the defense of [sovereign] immunity has not yet been asserted by Defendant." (Doc. 8, PageID 90; *but see id.*, expressing an intent to invoke some version of "immunity" in a future motion for judgment on the pleadings.) Because Defendant arguably has waived any sovereign immunity that it might have asserted as a threshold issue, sovereign immunity does not support remand.

---

[5]Defendant's Answer to the complaint includes only a general assertion of "immunity, including statutory, absolute, and qualified immunity, as well as immunity from punitive damages," and cross-references Ohio Revised code Chapter 2744 et seq. (Doc. 6, ¶ 8, PageID 43-44.)

**B. Subject Matter Jurisdiction is Lacking for Other Reasons**

Although sovereign immunity does not preclude subject matter jurisdiction, remand is still required based on other jurisdictional defects.[6] For instance, Plaintiff also seeks remand on grounds that his claims are "inextricably linked to ongoing or prior state proceedings related to domestic relations (Child Support), which fall outside the jurisdiction of Federal Courts…." (Doc. 3, PageID 31.) Plaintiff specifically argues that resolution of this lawsuit "would require the Court to evaluate the propriety of support enforcement proceedings - a matter properly reserved to the state courts." (*Id.*, PageID 32)

The "domestic relations exception" to federal jurisdiction precludes the exercise of federal subject matter jurisdiction in cases in which jurisdiction is based on diversity of citizenship and the plaintiff is seeking to obtain a divorce, alimony, or child custody. *See Allah v. Child Support Enf't Agency*, No. 1:18 CV 872, 2018 WL 3752244, at *5 (N.D. Ohio Aug. 7, 2018) (quoting *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 794-98 (6th Cir. 2015)). As the court pointed out in *Allah*, traditional application of the domestic relations exception is limited to cases involving diversity, rather than federal question jurisdiction. But recent Sixth Circuit case law supports application of the domestic relations exception in this case. In *Edelstein v. Flottman*, Case No. 1:23-cv-754-MWM-SKB, 2023 WL 8004722 (S.D. Ohio Nov. 17, 2023), the undersigned recommended sua sponte dismissal

---

[6]Aside from being irrelevant to analysis of other jurisdictional defects, the apparent waiver of sovereign immunity has no impact on whether Plaintiff has stated a claim against Defendant under 42 U.S.C. § 1983. Plaintiff appears to concede that his allegations fail to state a claim for monetary damages against the Defendant. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). *See also, generally, Ewing v. Cuyahoga Cnty. Office of Child Support Services*, 2024 WL 4252565, at *2 (N.D. Ohio, 2024) (defendant is a department or agency of Cuyahoga County and is not *sui juris*); *Messiah v. Hamilton Cnty. Child Support Enf't Agency*, No. 1:19-cv-35-SJD-SKB, 2019 WL 3227907, at *3 (S.D. Ohio July 17, 2019) (R&R adopted 2019 WL 3501533 (S.D. Ohio Aug. 1, 2019) (granting Hamilton County CSEA's motion to dismiss in part on grounds that it is not a person capable of being sued).

for lack of jurisdiction based in part on the domestic relations exception under *Burrus*[7] and the *Rooker-Feldman*[8] abstention doctrines, notwithstanding the assertion of federal question jurisdiction. The Sixth Circuit affirmed. *See Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487 (6th Cir. Jan. 10, 2025).

On the one hand, the Sixth Circuit acknowledged a split in the case law on whether the domestic relations exception applies to *all* federal question cases[9] and stated that it "need not expressly decide" that issue. *Id.*, at *2. But, citing a 2003 case in which the Sixth Circuit had held that the exception was "appropriately applied" to another federal question case, the appellate court held that the exception should apply "where the constitutional claims [are] conclusory and 'a pretense to obtain federal review of domestic relations matters.'" *Id.* (quoting *Danforth v. Celebrezze*, 76 Fed. Appx. 615, 617 (6th Cir. 2003) (per curiam)). The court reasoned that the claims fell "within the domestic relations exception, rendering abstention under *Burrus* and its progeny appropriate," because the substance of the claims revolved around the state courts' underlying domestic-relations decisions, and the relief requested would require the district court "to modify or nullify state-court domestic relations orders on their merits." *Id.* at *3 (citing *Greenberg v. Slatery*, No. 22-5886, 2023 WL 2771640, at *2 (6th Cir. Mar. 28, 2023)).

Consistent with *Edelstein* and *Danforth*, the Court lacks subject matter jurisdiction based on the *Burrus* abstention doctrine and its progeny. Plaintiff freely admits that the "relief sought would necessarily require the Court to review or interfere with the

---

[7]*In re Burrus*, 136 U.S. 586 (1890).
[8]*Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).
[9]*See Deem v. Dimella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019) (collecting cases and holding that the "domestic relations exception" applies only to diversity suits, but that domestic relations "abstention" applied to federal question case).

7

administration of a child support matter…." (Doc. 3-1, PageID 36.) In order to grant Plaintiff the reimbursement of child support payments that he seeks, this Court would need to modify or terminate the 2006 child support order and/or to stop ongoing child support collections arising from the 2006 default judgment in Clinton County. *See also Johnson v. Hutcheson*, No. 3:15-cv-320, 2015 WL 5679637, at *4 (S.D .Ohio Sept. 28, 2015) (dismissing § 1983 suit on initial screening in part based on *Burrus* abstention doctrine.)

In addition to abstention under *Burrus* and its progeny, the *Rooker-Feldman* doctrine also precludes this Court's jurisdiction over Plaintiff's claims.[10] *See*, *e.g.*, *Rouse v. Nessel*, No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (federal claims that require the district court to reject state child-support orders are barred under the *Rooker-Feldman* doctrine); *Danforth*, 76 Fed. Appx at 616 (same); *Raymond v. Moyer*, 501 F.3d 548, 553 (6th Cir. 2007) (holding that no exception applies to the *Rooker-Feldman* doctrine for procedural due process violations); *West v. Berkman*, No. 19-cv-12674, 2019 WL 12054757, at *1 (E.D. Mich. Nov. 6, 2019) (attack on child support enforcement orders barred by *Rooker-Feldman* doctrine); *see also*, *generally*, *Ewing v. Cuyahoga Cnty. Office of Child Support Services*, No. 1:24-cv-997, 2024 WL 4252565, at *3 (N.D. Ohio Sept. 20, 2024) (dismissing case in which the plaintiff sought to relitigate his state court child support obligations as barred by res judicata). The *Rooker-Feldman* doctrine provides an independent basis for concluding that this Court lacks jurisdiction, regardless of whether the domestic relations exception applies.[11] Having determined that

---

[10] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[11] Although Plaintiff raises the *Younger* abstention doctrine as yet another jurisdictional bar, that doctrine does not apply in the absence of any ongoing state court proceedings.

this Court lacks subject matter jurisdiction, the next issue is to determine whether dismissal or remand is required.

### C. Remand is Required Under 28 U.S.C. § 1447(c)

Had this case been filed in federal court, the undersigned would not hesitate to recommend dismissal. But given that Defendant improperly removed the case to this Court, the Court must remand. "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Pursuant to 28 U.S.C. § 1447(c), a district court must remand a removed case to state court "[]ff at any time before final judgment it appears that the district court lacks subject matter jurisdiction." See also, *generally*, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) (holding that district court could not retain jurisdiction over a properly removed case if the plaintiff later amends her complaint to eliminate the only asserted federal claims).

The irony is not lost on the undersigned that the recommendation to remand this case to state court is a recommendation that no one wants. With the filing of Plaintiff's motion to amend his complaint to newly assert federal subject matter jurisdiction, and Defendant's opposition to remand, both parties now appear to favor litigation in this Court rather than in state court. And the interests of judicial economy generally favor dismissal of futile claims rather than remand. But it is the job of this Court to enforce the law rather than to make it. And 28 U.S.C. § 1447(c) affords no discretion to a federal court to ignore its mandate that an improperly removed case "*shall* be remanded." *Id.* (emphasis added); *see also Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (holding that remand rather than dismissal is required under 28 U.S.C. § 1447(c)

9

if removal was improper due to a lack of subject matter jurisdiction); *Coyne,* 183 F.3d at 496; *Jordan v. Carter*, 739 F. Supp. 3d 647, 653 (S.D. Ohio 2024) (on reconsideration, amending *Jordan v. Carter*, 719 F. Supp. 3d 775 (S.D. Ohio 2024), but reaffirming its conclusion "that § 1447(c) admits of no futility exception[] to remand when the court lacks subject-matter jurisdiction over a removed cause."); *Mallory*, 2010 WL 2632196, at *5 (holding that remand rule still applies in cases involving the *Rooker-Feldman* doctrine).

### III. Conclusion and Recommendation

Because this Court lacked subject matter jurisdiction over this case from the moment of removal, it should remand to state court under 28 U.S.C. § 1447(c) without ruling on Plaintiff's pending motion to amend his complaint. For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's motion to remand to state court (Doc. 3) be **GRANTED** and that this case be remanded to the Clinton County Court of Common Pleas.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK L. BEVERLY,

    Plaintiff,

v.

CLINTON COUNTY CHILD SUPPORT
ENFORCEMENT AGENCY (CSEA),

    Defendant.

Case No. 1:25-cv-00404

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).