**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DERRICK L. BEVERLY,  : 
  : 
    *Plaintiff*,  :   Case No. 1:25-cv-404
  : 
vs.  :   Judge Jeffery P. Hopkins
  : 
CLINTON COUNTY CHILD  : 
SUPPORT ENFORCEMENT  : 
AGENCY,  : 
  : 
    *Defendant*.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION

---

Plaintiff Derrick Beverly ("Plaintiff" or "Beverly") initiated this pro se action in the Clinton County Court of Common Pleas. Defendant Clinton County Child Support Enforcement Agency ("CSEA") ("Defendant" or "Clinton County CSEA") subsequently removed the case to this federal court. Beverly then promptly filed a Motion to Remand to State Court (Doc. 3) ("Remand Motion") on the basis that this Court lacked jurisdiction. In an interesting turn of events, after Defendant opposed Plaintiff's motion, Plaintiff sought leave to file an amended complaint, wherein he alleges that jurisdiction is proper. *See* Doc. 10.

On September 16, 2025, Chief Magistrate Judge Stephanie K. Bowman issued a Report and Recommendation, recommending that Plaintiff's Motion to Remand to State Court (Doc. 3) be granted. The Magistrate Judge did not reach Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 10). Plaintiff now objects to the Magistrate Judge's recommendation that Plaintiff's Remand Motion should be granted. Doc. 12, PageID 113–14. Clinton County CSEA has filed no objections, nor any response to Plaintiff's objections.

For the reasons stated below, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED** in its entirety.

### I.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### II.    LAW AND ANALYSIS

Rather than address the Magistrate Judge's comprehensive findings and conclusions, Beverly's objections are largely a guised attempt to litigate his Motion for Leave to File Amended Complaint (Doc. 10). The Court declines to entertain Beverly's request for leave to amend his complaint because as the Magistrate Judge aptly concluded, statutory authority "affords no discretion to a federal court to ignore its mandate that an improperly removed case '*shall* be remanded.'" Doc. 11, PageID 110 (quoting 28 U.S.C. § 1447(c)).

To the extent that Beverly objects to the Magistrate Judge's findings as to abstention, Beverly's objections must be overruled. Beverly contends that he is not asking the Court to calculate, modify, or review child support orders, and thus abstention does not bar his claims. Doc. 12, PageID 114. But based on the allegations in his complaint, it appears that Beverly is seeking reimbursement of child support payments. Doc. 2, PageID 27–30. In fact, Beverly admits that the "relief sought would necessarily require the Court to review or interfere with the administration of a child support matter…." Doc. 3-1, PageID 36. All told, Beverly has failed to persuade this Court that the Magistrate Judge erred in finding that federal court

2

subject matter jurisdiction is lacking based on the *Burrus* abstention doctrine and its progeny, and the *Rooker-Feldman* doctrine. Finding no error, it is **ORDERED** that Plaintiff's objections (Doc. 12) are **OVERRULED**, the Report and Recommendation (Doc. 11) is **ADOPTED**, and this case is **REMANDED** to the Clinton County Court of Common Pleas.

      **IT IS SO ORDERED.**

February 23, 2026

Jeffery P. Hopkins
United States District Judge